HARVESTER BUILDING AND LOAN ASSOCIATION OF NEWARK, NEW JERSEY, a corporation, complainant-respondent,

*v.*

DANIEL C. KAUFHERR, individually, as executor of the last will and testament of Julius F. Kaufherr, &c., et al., defendants-appellants.

[Submitted May term, 1937.   Decided September 22d, 1937.]

*Mr. Samuel F. Leber* (*Messrs. Leber & Ruback*), for the complainant-respondent.

*Mr. Louis A. Fast* (*Messrs. Fast & Fast*), for the defendants-appellants.

The opinion of the court was delivered by

CASE, J.

The appeal is from an order wherein chancery dismissed the petition of the defendant Daniel C. Kaufherr, executor under the last will and testament of Julius F. Kaufherr, deceased, allowed costs, with counsel fee of $200 to complainant's solicitors as against the said defendant, permitted the complainant to incorporate within its bill of complaint an offer to convey the foreclosed premises upon reimbursement of loan, interest, costs and expenses, and extended to the said defendant twenty days within which to accept the said offer without *ad interim* proceedings by the complainant further than the issuing and service of subpœna *ad respondendum*. The proceedings to date have been (1) foreclosure in chancery of mortgage, (2) purchase of the mortgaged lands by complainant, the mortgagee, at foreclosure sale and for a nominal sum, (3) action at law on the bond for deficiency, and judgment thereon, (4) bill in chancery for discovery in aid of law execution, (5) a petition in the last mentioned suit and (6) the instant appeal. The appeal is taken jointly by the executor and by four other defendants as well as by the said Daniel C. Kaufherr in his individual capacity and as trustee under a trust agreement. We perceive no right of appeal in anyone other than the executor; but of this, later.

The chancery bill grounded in a deficiency judgment, obtained by the complainant in the Essex county circuit court, on the bond of Julius F. Kaufherr whose lands had been the subject of the foreclosure. The defendants, other than the executor, were named as such upon allegations that there had been a conveyance out by the said Julius F. Kaufherr or by his estate of certain lands which should equitably be subjected to the lien of the law judgment, and that there had been a distribution of certain life insurance moneys in which these defendants, or some of them, participated and

which, it was claimed, should, to a limited extent, be applied toward the satisfaction of the judgment. The bill prayed for discovery, for the application of the mentioned assets to the satisfaction of complainant's judgment, for *ad interim* restraint and for subpœna to compel the defendants to answer. Upon the filing of the bill and sustaining affidavit, an order for discovery issued directing the defendants to appear and make discovery before a designated master and granting *ad interim* restraint. Thereupon Daniel C. Kaufherr, as executor under the last will and testament of Julius F. Kaufherr, deceased, filed his petition praying for an order directing the complainant to show cause why proceedings under the bill should not be stayed until it be determined what allowance would be fair to set against the judgment as the value of the real estate described in the mortgage and bought in by the complainant at the foreclosure sale for a nominal sum, and why, if it should be determined that the value of the real estate was worth more than the amount of the judgment, the bill should not be dismissed.

It appears by the proofs that: The mortgagor and obligor on the bond, Julius F. Kaufherr, was a party to the foreclosure proceedings throughout their duration. He was alive and served with process at the beginning of the law action for the deficiency but died during the course of the proceedings and was succeeded as a party therein by his executor, the said Daniel C. Kaufherr. The bill to foreclose was filed June 17th, 1935, *lis pendens* thereunder was filed June 19th, 1935, and a final decree was entered on September 3d, 1935, in the amount of $27,433 besides interest and costs. The sheriff sold the mortgaged premises on November 19th, 1935, to the complainant for $100. No objections to the confirmation were made and the sale was confirmed on November 30th, 1935. The law action was begun on February 15th, 1936. Julius F. Kaufherr died April 3d, 1936; his death was forthwith noted on the record and the executor was brought in. The executor then presented a petition in the foreclosure proceeding asserting that the fair value of the mortgaged premises was in excess of the amount adjudged by the fore-

closure decree and praying that the order confirming sale be vacated and the property ordered resold, and that complainant be enjoined from prosecuting the law action, or, as an alternative, that the fair value of the property be credited against the decree. An order to show cause went on that petition; proofs were submitted by both sides and an order was entered, upon consent of the parties, dismissing the petition and—according to the expression by Vice-Chancellor Stein in his opinion on the present issue (*121 N. J. Eq. 327*), based upon an affidavit by the petitioner's solicitor—the counsel for the executor consented to the order because it was apparent to him that "the law relating to the case 'would not avail to the benefit of the estate.'" The law action thereupon proceeded, without further incident, to judgment, execution and the return of the execution unsatisfied.

Not until the judgment creditor, having filed the instant bill, obtained and served an order for the discovery of the decedent's assets was there further opposition. That opposition consisted of the petition filed by, and the incidental order to show cause issued to, the executor. On the return of the rule only the complainant and the executor appeared or were represented by counsel. Other than the wording of the petition of appeal there is nothing before us to indicate that the remaining defendants were in anywise brought in or that they voluntarily appeared.

The appeal purports to be taken by the defendant Daniel C. Kaufherr individually and as executor of the last will and testament of Julius F. Kaufherr, deceased, and as trustee under a certain trust agreement, Vera Kaufherr, Laura Kaufherr, Jane Kaufherr and Kaufherr Meadow Land Realty Company, a corporation. But the only defendant concerned with the petition or the disposition thereof is Daniel C. Kaufherr, as executor. That person, in that capacity, was the only petitioner and was the only one of the defendants who appeared or was represented at the argument on the petition and the order to show cause which issued thereon, or at the hearing before the vice-chancellor for settling the terms of the order; and of the several defendants it is that represen-

tation only which is noted in the vice-chancellor's opinion and in the order now under appeal. The order does four things: (1) It dismisses the petition of the executor and allows costs against him; (2) it permits the complainant to amend the bill of complaint by including an offer to convey; (3) it stays proceedings in the cause (except the issuing and serving of subpœna *ad respondendum*) to give time within which the petitioner may accept the offer set up in the amended bill and take over the property; (4) it lifts the stay imposed by the order to show cause issued at the executor's behest. In none of these respects are the remaining defendants harmed. They have no right to be heard with respect to the dismissal of the executor's petition inasmuch as they were not parties thereto. If the bill, either the original or as amended, is subject to attack, they will have their day in court when subpœnaed to answer. It was not their concern that the period within which the executor might redeem was extended, or that the stay incident to a proceeding in which they did not participate was lifted. They have nothing upon which to rest an appeal.

The appeals other than that of the executor are dismissed. As to the executor:

Whether the consent order dismissing the first petition was *res adjudicata* against the second petition need not be considered. The court of chancery decided, as between the mortgagee and the mortgagor, that the sale of the mortgaged property was equitable. That proposition was implied in the decree confirming sale. If there was an inequity in the sale, the decree of confirmation was wrongly allowed. The executor stands in the shoes of his testator. The decree confirming is, to him, *res adjudicata*. While it stands, he is bound by it. He may not attack it collaterally. The practice on seeking to have what is called fair value substituted for market value, as evidenced by fair and open sale at the highest and best price that the property would bring in cash at the time of sale, may be made quite as oppressive to a mortgagee as it is helpful to a mortgagor. It is to be invoked only in urgent public emergency when the tissue of society is awry, and then

only upon the conditions and in the manner which our courts have recognized as essential to such interposition by equity in the contractual rights and duties of individuals. The authority of chancery therein lies in the power of that court to withhold confirmation of sale if to confirm would work gross inequity. *Vanderbilt* v. *Brunton Piano Co., 111 N. J. Law 596, 601.* A subsequent inquiry as to value is relevant, if at all, only on the prayer to open the order of confirmation of sale to the end that, if equity requires, a resale may be had. It is not within the power of the court of chancery, while the sale stands as confirmed, to ignore its own decree which is conclusive as to value, by taking an *ex post facto* proceeding to redetermine such value for the purpose of itself effecting a credit on the decree or on the bond. Such procedure would be destructive of the mortgagee's rights under the contract. *Fruzynski* v. *Jablonski* (opinion by Lloyd, J.), *117 N. J. Eq. 117* (at *p. 121*). The decree of confirmation in the foreclosure proceedings is *res adjudicata* as to the parties (*Broadman* v. *Colonial Building-Loan Association* (opinion by Perskie, J.), *118 N. J. Eq. 275*), and, we may add, as to their privies. The chancery decree in *Baader* v. *Mascellino, 113 N. J. Eq. 189,* is cited by the appellant *contra,* but it will be noted that the affirmance by this court in *119 N. J. Eq. 84,* did not adopt the reasoning of the court below. Even if the application were formally correct, a situation which would go far toward requiring that equitable relief, in whatever form sought, should be denied is that those transactions which are set up in the complainant's bill and affidavits and tend to show abundant funds in the hands of the decedent's beneficiaries, members of the immediate family, with which the judgment could be paid, were not denied in the appellant's proofs, and that the argument presented on behalf of the executor to the vice-chancellor, as reflected in the vice-chancellor's opinion and in the briefs, was that, notwithstanding the defendants' financial ability to redeem, the judgment creditor should nevertheless be compelled, having bought in the property, to continue to hold it and to credit the fair value against the judgment. That contention is wholly at variance with the

condition, which, it seems to us, is fundamental, that the obligor, against whom the bond is being enforced and whō seeks equitable intervention, be unable to finance the redemption of the property.

The earlier petition was filed by the executor in the foreclosure cause—a recognition of the correct procedure in presenting such an application. Whether the circumstances incident to the order dismissing that petition kept it from becoming *res adjudicata* we do not determine; but we consider that the executor in having thus promptly, as was the duty of him or of any other litigant in like circumstances, undertaken a remedial course and thereafter formally abandoned it and permitted the claimant, without defense or objection, to pursue its law action to judgment, execution and discovery was guilty of such *laches* as should now estop him from re-establishing himself in that position.

The executor contends that the order dismissing the petition is erroneous in that it determines matters beyond the issue presented to the court; and the provision complained of is that which gives the executor twenty days from the date of the filing by the complainant of the amendment to the bill of complaint within which the executor may redeem the property and stays further proceedings in the cause during that period. The direction, in our interpretation, is an act of grace to the appellant. It restrains the complainant for a given period, awaiting optional action by the executor. It does not lessen any rights which may have inured to the judgment debtor under chapter 170, *P. L. 1880* § *3,* as amended by chapter 147, *P. L. 1881,* and further amended by chapter 178, *P. L. 1915;* chapter 82, *P. L. 1933,* and chapter 88, *P. L. 1935; Conf. Vanderbilt* v. *Brunton Piano Co., supra.*

It is further contended that the court erred in that, as is said, it ordered payment of complainant's claim without granting a, hearing. The court could not and clearly did not so order. The parties have not been brought in to answer the bill and the case is not at issue. Appellants seem quite to have mistaken the purport of the court's order.

We find no ground for reversal.

As to the executor, the order below will be affirmed; as to the remaining appellants, the appeal will be dismissed. Costs are allowed against all appellants.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.

*For reversal*—None.